IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, UNITED STATES OF AMERICA, et al., | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-270 |
| v. | |
| HATE CRIME VICTIM JANE/JOHN DOE and ABANOOB ABDEL-MALAK, | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record in this case, the Court concurs with the Magistrate Judge's February 22, 2022, Report and Recommendation, (doc. 20), to which *pro se* party Abanoob Abdel-Malak has responded, (doc. 23).[1]   For the following reasons, the objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED** as the Court's opinion in this case. (Doc. 20.)

The Magistrate Judge recommends remand of this case for lack of jurisdiction, since it appears to be an "attempt to remove a state court prosecution from California to this Court."   (Doc. 20 at 4.)   Malak's filings confirm the Magistrate Judge's characterization of this case as an attempt to remove a California state criminal proceeding.   (See, e.g., doc. 22 at 1 (describing his initial pleading as a "criminal notice of removal from the Superior Court of California, County of San

---

[1] Malak has also filed an "Emergency Request for Additional Time to File Objections to Magistrate Judge's Report and Recommendations."   (Doc. 26.)   However, he timely filed his objection, and it has been considered.   (Doc. 23.)   His motion is, therefore, **DENIED**, as moot.   (Doc. 26.)

Diego, Criminal Case M268212DV, a misdemeanor criminal state case."); doc. 23 at 2 ("This case is a CRIMINAL NOTICE OF REMOVAL . . . .").)

The Magistrate Judge is correct, remand is appropriate, since this Court lacks any conceivable jurisdiction over a California based criminal prosecution. As the Magistrate Judge observed, this Court has already explained the jurisdictional defect in Abdel-Malak's attempted removals once before. See The People of the State of California v. Abdel-Malak, 4:20-cv-232, doc. 33 (S.D. Ga. Jan. 11, 2021); (see also doc. 20 at 5.) All relevant removal statutes limit removal to the district and division that geographically encompass the state court before which the underlying case is pending. 28 U.S.C. §§ 1441(a), 1446(a), & 1455(a). San Diego County lies within the Southern District of California. 28 U.S.C. § 84(d). Malak has not demonstrated how this Court could exercise jurisdiction over his case.

Even if Malak suggested some plausible theory for why this Court—as compared to the Southern District of California—is the proper Court for his claims, the Southern District of California has already determined that his attempt to remove his San Diego County misdemeanor criminal prosecution to federal court is "frivolous and improper." See State of California, et al. v. Abanoob Abdel-Malak, 3:20-cv-1426, doc. 7 at 2 (S.D. Cal. July 28, 2020); see also United States v. Hate Crime Victim Jane/John Doe, 5:21-cr-213 (C.D. Cal. Nov. 1, 2021) (remanding Malak's criminal proceeding to state court since his removal did not satisfy the requirements of 28 U.S.C. § 1443); Abdel-Malak v. California, 2022 WL 1157493 (N.D. Cal. April 19, 2022) (rejecting attempt to remove criminal matter from the Supreme Court of California, since the court "lacks jurisdiction to entertain the removal petitioner seeks.").

The Report and Recommendation is, therefore, **ADOPTED**. Malak's criminal prosecution is **REMANDED**, and any remaining claims are **DISMISSED**. All pending motions are **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 12th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA